Terrance J. Slominski, OSB 81376
7150 SW Hampton, Suite 201
Tigard OR 97223
Phone: 503-968-2505
Fax: 503-684-7950
E-mail: tjslominski@yahoo.com

Attorney for Plaintiff, David Menken

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID MENKEN, | ) |
| Plaintiff, | ) No.  CV 04-598-PHX-MHM |
| v. | ) |
| GERRY F. EMM, husband, MAXINE C. EMM, wife, COLDWELL BANKER ITILDO, INC., a foreign corporation, MARSHA L. TOMERLIN, wife, WILLIAM TOMERLIN, DAVID J. MORANDI, husband, JANE DOE MORANDI, wife; SCARPELLO, HUSS & OSHINSKI, LTD, A Nevada Law firm, | ) MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION |
| Defendants. | ) |

On December 12, 2008, the Court issued its opinion denying Plaintiff's Motion for Partial Summary Judgment and granting Defendants' Motion for Summary Judgment in part. Among other things, the court granted Defendants Motion for Summary Judgment on Plaintiff's claims under A.R.S. §33-420 A and C.  Since the date of the Court's Order, the Arizona Court of Appeal issued its decision in *Coldwell Banker Itildo, Inc v. Menken* 1 CA-

1  CV 07-0362. Although the case is an unpublished opinion, it is binding between these parties
2  and res judicata as to certain issues in this case.  Plaintiff has filed a copy of the Court of
3  Appeals decision in the Court record attached to a declaration of Plaintiff's Counsel. Based
4  on the following points and authorities, Plaintiff respectfully asserts that this Court was
5  wrong on its application of A.R.S. 33-420 because:

6      1)    The lien recorded by Defendants in 2003 was time barred at that time, invalid
7  and not authorized by statute and therefore presumed groundless. ARS 33-420 (D) On Jan. 8,
8  2009, The AZ Court of Appeals found that the lien filed by defendants in 2003 was expired at
9  that time to quote,   " 12 The Nevada judgments were rendered on September 8,1998 and
10 September 28, 1998, and each became enforceable ten days later. Fed. R. Civ. P. 62(a)
11 (absent a stay, a judgment is enforceable ten days after entry);…"(foreign judgment final for
12 purposes of full faith and credit when enforceable in foreign state, and "mere fact" that it was
13 subject to appellate review in foreign state "did not render it less than final"). Therefore, the
14 Nevada judgments were enforceable in 1998, making the 2003 and 2006 filings in Arizona
15 barred by the four-year statute of limitations."
16 2)    Defendants knew or had reason to know the lien was groundless and "wilfully
17 refuse(d) to release or correct such document of record within twenty days from the date of a
18 written request from the owner or beneficial title holder of the real property "  and Plaintiff is
19 entitled to recover "the sum of not less than one thousand dollars, or for treble actual
20 damages, whichever is greater, and reasonable attorney fees and costs" ARS 33-420 (C)
21 3)    Res Judicata and Issue Preclusion
22
23 **LIABILITY UNDER A.R.S. §33-420**
24     The court correctly found that to violate A.R.S. §33-420(A) there must be a document
25 that is forged, groundless or that contains a material misstatement or false claim that has been
26 recorded at the county recorder's office.  The court found that the recorded document was not

1 groundless nor contained a false or misstated claim. The Court further found that under
2 *Grynberg v. Schaffer* 216 Ariz. 256, 165 P.3d 234 (App. 2007) the lien filed by the
3 defendants was untimely but that it would be inappropriate to ascribe the scienter requirement
4 implied by "forged, groundless, materially misstated or false" to Defendants for filing a lien
5 on a date that would not be determined to be inappropriate by the Arizona Court of Appeals
6 until nearly four years in the future.  The Court decided that the lien was only technically
7 unenforceable and that the Defendants' decision to file the expired lien four years before
8 *Grynberg* does not approach the level of scienter required by the statue.  The court's decision
9 in this regard is in error.  The Court incorrectly indicated that *Day v Wiswall* was controlling
10 case law at the time the lien was recorded.

11     1.  33-420(D) states that "a document purporting to create an interest in, or a lien or
12 encumbrance against, real property not authorized by statute, judgment or other specific legal
13 authority is presumed to be groundless and invalid.

14     2.  *Day v. Wiswall* 11 Ariz. App. 306, 464 P.2d 626 (1970) was not the law at the time
15 that Defendants filed their expired lien in 2003 and again in 2005. Even if *Day* was
16 considered to be the applicable law at the time that the lien was filed, even a cursory reading
17 of  *Day* discloses that Nevada judgment had expired.   The law on which the Day court based
18 its finding required that finality of a judgment is determined by the state of rendition (in the
19 instant case, Nevada

20     3.  There is no finding by the Court nor any evidence in the record that would support
21 that the Defendants relied on *Day v. Wiswall*.

22     4.  Defendants, through their attorneys had "reason know" that the lien was groundless
23 because the applicable statutes and case law were in place and readily available to
24 Defendants' attorneys.

25 **PRESUMED TO BE GROUNDLESS AND INVALID**
26

The lien recorded by Defendants in 2003 was time barred and not authorized by statute. Under A.R.S. 33-420 D, "a document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid." There is no statute, judgment or other specific legal authority to the effect that the filing of an expired judgment is authorized. To the contrary, A.R.S. §12-554(3) requires that an action upon a judgment or decree of a court rendered without this state must be commenced and prosecuted within four years after the cause of action accrues and not afterward. A.R.S. §12-554(3) dictates the time within which a foreign judgment can be enforced in Arizona. The filing of a judgment after expiration of the statute of limitations period for the enforcement of a foreign judgment does not entitle the holder to the extended time limits enjoyed for the enforcement of domestic judgments. *City Bank N.A. v. Phifer* 181 Ariz. 5, 7 887 P.2d 5 (App. 1994).

There simply is no issue in this case that the two Nevada judgments were obtained in September, 1998 in the United States District Court for the District of Nevada and that the filing of the Nevada Judgments in the Arizona District Court in April 2003 was barred by A.R.S. §12-554(3). In addition, when the Arizona District Court administratively terminated the proceedings in December, 2005 for failure to prosecute the case, Defendants had an adjudication on the merits and no longer had the right to record their Nevada judgment. Defendants' subsequent filing of the foreign judgment in the Superior Court of Maricopa County in December, 2006 was more than *eight years* after the two judgments in Nevada became final. Defendant attempted to assert the refiling of the judgments in Maricopa County in 2006 and claimed that the new filing in someway reactivated the expired judgments and that the judgments were not barred by A.R.S. §12-544 because the Nevada judgments were on appeal. The Defendants' arguments were all rejected in *Coldwell Banker v. Menken* by Benjamin E. Vats, Commissioner in the state court action and confirmed on

1  appeal.  *Coldwell Banker Itildo, Inc v. Menken* 1 CA-CV 07-0362.  There is no issue,

2  whatsoever, that the lien was groundless. The Court, in its December 11, 2008, opinion stops

3  well short of finding that the judgment or lien was expired but instead stated that it was timely

4  if it applies *Day v. Wiswall* 11 Ariz. App. 306, 464 P.2d 626 (1970) and it was untimely if it

5  applied *Grynberg v. Schaffer* 216 Ariz. 256, 165 P.3d 234 (App. 2007) The judgments were

6  not timely and the court should so find. .  The importance of that finding is not limited to the

7  33-420 claims.  It is applicable to the interference claim as well.

8  ***DAY V. WISWALL* 11 ARIZ. APP. 306, 464 P.2D 626 (1970) WAS NOT THE**

9  **LAW AT THE TIME THAT DEFENDANTS FILED THEIR EXPIRED LIEN AND IT**

10  **IS NOT THE APPLICABLE LAW TO THIS CASE.**

11  *Day v. Wiswall* was only controlling law with respect to the determination of when a

12  cause of action accrues under A.R.S. §12-544 for a **California** action or judgment.  In *Day*

13  the court held that the validity and finality of an action on a foreign judgment are to be tested

14  by the law of the jurisdiction where such judgment was rendered ( *Day* at 313 citing

15  *Tornquist v. Johnson*, 124 Cal.App. 634, 13 P.2d 405 (1932); *Baker v. Leary*, 70 Nev. 152,

16  261 P.2d 1013 (1953) ), since no "cause of action" accrues until the judgment is final. *Day* at

17  313 It must be noted that in both *Tornquist v. Johnson* and *Baker v. Leary*, the courts

18  determined the finality of a foreign judgment by looking to the law of the rendering state. In

19  *Tornquist,* the California Court looked to Indiana Law. In *Baker* the Nevada Court looked to

20  California law and determined that under California law a judgment was not final as long as

21  an appeal is pending regardless of whether a supersedeas bond has been filed. The Baker

22  court also noted that California  was in the minority in this regard.  Also See  *Clements v.*

23  *Airport Authority of Washoe County*, 69 F.3d 321 (9th Cir. 1995)

24  **RES JUDICATA AND ISSUE PRECLUSION**

25  There is no dispute that judgments at issue in this case that "The Nevada judgments were

26

1  rendered on September 8, 1998 and September 28, 1998, and each became enforceable ten

2  days later. Fed. R. Civ. P. 62(a) (absent a stay, a judgment is enforceable ten days after entry);

3  Grynberg, 216 Ariz. at 258". *Coldwell Banker Itildo, Inc v. Menken* 1 CA-CV 07-0362, at ¶

4  12 The finding and decision in *Coldwell Banker Itildo, Inc v. Menken* is binding on the

5  parties in this case under the doctrines of res judicata and issue preclusion.

6      "The doctrine of res judicata binds the same parties standing in the same capacity in

7  the subsequent litigation on the same cause of action, not only upon the facts actually

8  litigated, but also upon those points which might have been (even though not expressly)

9  litigated." *DiOrio v. City of Scottsdale*, 2 Ariz. App. 329, 330, 408 P.2d 849, 850 (1965).

10     The question of who is a privy is a factual one requiring a case-by-case

11 examination. *San Manuel Copper Corp. v. Redmond*, 8 Ariz. App. 214, 445 P.2d 162 (1968)

12 In *Stuart v. Winslow Elementary School District No. 1*, 100 Ariz. 375, 414 P.2d 976 (1966),

13 for instance, the court held that a school district or a county stands in privity with its

14 taxpayers

15 with the result that a judgment against a county in a suit by one taxpayer bars subsequent

16 lawsuits by other taxpayers. See also *El Paso Natural Gas Co. v. State*, 123 Ariz. 219, 599

17 P.2d 175 (1979), cert. denied, 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980).

18     In *Krasse v. Del E. Webb Development Corp.*, 26 Ariz. App. 427, 429, 549 P.2d 207,

19 209 (1976), the court held: "The doctrine of res judicata will operate to bar a claim in

20 certain instances where a litigant was neither a party or in privity with a party to the original

21 judgment, but where his relationship to one who is a party has certain recognized legal

22 significance." In that case, the relationship was that of indemnitor and indemnitee.

23     In *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.*, 26 Ariz. App. 204, 547 P.2d 56

24 (1976), the court quoted the following general rule applicable to principals and agents:

25 `Where the relations between two parties are analogous to that of principal and agent, the

26

1. rule is that a judgment in favor of either, in an action brought by a third party, rendered upon
2. a ground equally applicable to both, should be accepted as conclusive against the plaintiff's
3. right of action against the other. Thus, it has been held that where the liability of a principal
4. is derivative, a judgment on the merits in favor of the agent is res judicata in favor of the
5. principal, although he was not a party to the earlier action. And where a judgment is in favor
6. of the principal, a judgment is res judicata in an action against the agent, a derivative
7. responsibility being present.'Page 449 Id. at 208, 547 P.2d at 60, quoting 46 Am.Jur.2d
8. Judgments § 570 at 730-31 (1969). That rule has been applied in federal courts to bar suit
9. against an agent because of a prior judgment entered in favor of the principal. *Fiumara v.*
10. *Fireman's Fund Insurance Cos.*, 746 F.2d 87 (1st Cir. 1984); *Spector v. El Ranco, Inc.*,
11. 263 F.2d 143 (9th Cir. 1959).
12.     Privity in this case is clear because *Coldwell Banker Itildo, Inc* is a party here and
13. Tomerlin was the president of the corporation (see affidavit of Tomerlin filed April 15, 2004
14. Docket No. 9. The Court should have and still should find that the Defendants filed an
15. unauthorized lien against Plaintiff's property
16. **EVEN IF *DAY* WERE APPLICABLE HERE, WHICH IT IS NOT, THE NEVADA**
17. **FOREIGN JUDGMENTS WOULD STILL HAVE BEEN OBVIOUSLY BARRED**.
18.     As pointed out above, the Day decision only dealt with determining the finality of a
19. California Judgment for purposes of filing it in Arizona despite the dicta which only appears
20. to apply beyond the issue of the case. The *Day* court noted that it must look to the rendering
21. state. *Day* at 313 Under Nevada law the judgments were final and enforceable 10 days after
22. entry. *Coldwell Banker Itildo, Inc v. Menken* 1 CA-CV 07-0362
23. **THERE IS NO EVIDENCE THAT THE DEFENDANTS OR THEIR ATTORNEYS**
24. **RELIED ON *DAY*, BUT IF THEY DID, SUCH RELIANCE WAS NOT REASONABLE**
25. **AND AT THEIR PERIL.**
26.

1     There is no evidence that Defendants' attorney's relied on the *Day* case. They may
2  have cited to *Day* in their correspondence but that is merely unsworn inadmissible rhetoric.
3  No reasonable Arizona attorney would rely on *Day* to determine when a Nevada judgment
4  became final or enforceable in Arizona because Day and the Uniform Enforcement of Foreign
5  Judgment Act "UEFJA" refers them back to their own state, Nevada. The Defendants'
6  attorneys should have been able to look up the laws of Nevada. That would be true for any
7  attorney but especially true for an attorney in the rendering state.
8   Not only was the decision of *Day* limited to the application of California law, it preceded the
9  ARIZONA'S adoption of the UEFJA which was adopted in 1977. *Grynberg v. Shaffer*, 216
10 Ariz. 256, 165 P.3d 234, 235 (App. 2007), review denied (Feb. 12, 2008)   The *Grynberg*
11 court at P. 12 noted that it was relying on *Jones v. Roach* 118 Ariz. 146, 575 P.2d 345 (App.
12 1977) and noting that *Jones* adopting the reasoning and purposes behind the UEFJA that the
13 goal of the commissioners on uniform state laws was that "In order to have the judgment
14 enforced in the second state a showing must be made that it can be enforced in the first state. .
15 . ." *National Conference to CNOF of Commissioners on Uniform State Laws, rev. Uniformed*
16 *Enforcement of Foreign Judgments Act: Proceedings before Comm. of the Whole at 29 (Aug.*
17 *5, 1964).  Grynberg* held that finality attached to a foreign judgment when it is issued by the
18 trial court and is enforceable in the issuing jurisdiction and that its finality is not negated by a
19 pending appeal.  Although *Grynberg* adopted the reasoning of *Jones* it did not specifically
20 overrule *Day*.  The courts still look to the rendering state to determine finality.
21     Everything that Defendants and their attorneys needed to know was available to them.
22 The holdings in *Day*, *Jones, Baker, Ibach v. Ibach*, 123 Ariz. 507 (1979) 600 P.2d 1370  and
23 the UEFJA act were all there.   Under 33-420 the Defendants are liable if they only had
24 reason to know. In this case, reason to know is established as a matter of law just as in *Hatch*
25 *Companies Contr. V. Arizona Bank*, 170 Ariz. 553, 826 P.2d 1179 (App. 1991) and *S.f. Ridge*
26

1 *Homeowners v. Bartschi, 1 Ca-cv 07-0792 (Ariz.app. 7-29-2008)*

2   For all of the foregoing reasons, the defendants were not entitled to summary
3 judgment. Instead, Plaintiff 's motion for partial summary judgment should have been granted
4 under 33-420 A and C.  The Court stated that the defendants refusal to remove the judgment
5 should have been brought under another statute. 33-420 C expressly deals with a party who
6 refuses to remove a clam of an interest in property that is not authorized by law.  It has been
7 proven and not disputed that the defendants filed a groundless judgment in US District Court
8 in 2003 and after a decision on the merits filed another judgment in State Court.  See
9 Plaintiff's Concise Statements of Facts and  *Coldwell Banker Itildo, Inc v. Menken* 1 CA-CV
10 07-0362.  Certainly after the First case was dismissed, Defendants had even more reason to
11 know that the filings were not authorized but the second filing was after this case was filed.
12 Still the defendants did not remove the judgment. It was only removed by the order of the
13 Court.

14                            CONCLUSION

15   The Defendants recorded a lien against Plaintiff's property that was false because it
16 was based on an expired judgment and therefore not authorized by law to be recorded. The
17 fact that the judgment had expired has been conclusively determined between these parties in
18 the Maricopa County Court Action and affirmed by the Arizona Court of Appeals. That
19 decision is res judicata and binding between these parties in this case.

20   Liability under 33-420 A is imposed on a party  having reason to know that the
21 document is forged, groundless, contains a material misstatement or false claim or is
22 otherwise invalid. A lien based on an expired judgment is a false claim and it is a groundless
23 claim. The Defendants knew or had reason to know that the lien was expired and not
24 authorized for recording.   There is no evidence that Defendants' attorneys relied on *Day* but
25 if they did rely on *Day* then they must be hld to know that the determination of finality would
26

1    be by reference to the State of rendering.  In this case they would have looked to Nevada
2    where they practiced law.
3        Liability under 33-420 C is based on a wilful refusal to release or correct a document
4    that is forged, groundless, contains a material misstatement or false claim or is otherwise
5    invalid within twenty days from the date of a written request from the owner or beneficial
6    title holder of the real property. The evidence is undisputed that the Defendants have refused
7    to release the lien since requested in writing since September 2003, even after Judge Martone
8    dismissed the 1st District Court Case which was the basis and a prerequisite for the lien and
9    even after Plaintiff filed this action in 2004. The lien has never been released.  The is no
10   genuine issue of fact that the Defendants knew at least since 2004 that the lien was false and
11   groundless.
12       With all due respect to the Court's efforts in this matter, it was error to grant
13   Defendant's Motions for summary Judgment on the 33-420 claims.  The Court should have
14   made findings that the judgments were expired, that lien was groundless and false and that
15   Defendants had reason to know the lien was false and groundless.  It should have further
16   found that the Defendants refused to remove the lien after they knew that the lien was false
17   and groundless. The Court should grant Plaintiff's motion as to liability on the 33-420 claims.
18   Those claims were proven as a matter of law.  If the current decision stands, Plaintiff is
19   placed in a near impossible position where he may feel compelled to file an appeal, even if he
20   prevails on the interference claim.
21       Dated this 17th day of February, 2009.

24                    /S/ TERRANCE J. SLOMINSKI
                      _____
25                    Terrance J. Slominski, OSB 81376
                      *Pro Hac Vice*

1  Attorney for Plaintiff
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26