FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID MENKEN,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>GERRY F. EMM; et al.,<br><br>        Defendants,<br><br>  and<br><br>COLDWELL BANKER ITILDO, INC., a foreign corporation; et al.,<br><br>        Defendants - Appellees. | No. 09-16109<br><br>D.C. No. 2:04-cv-00598-MHM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted June 17, 2010[**]
San Francisco, California

---

      [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  HAWKINS, FISHER, and TYMKOVICH,[***] Circuit Judges.

David Menken ("Menken") appeals an adverse summary judgment for Coldwell Banker Itildo, Inc., Marsha Tomerlin, and others (together "Tomerlin"), in an action for damages alleging Tomerlin's judgment in a previous federal action in Nevada was not grounds to file a lien against his real property in Arizona.  Reviewing de novo, *see Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir. 2002), we affirm.

Even if Menken is correct that enforcement of the Nevada Orders was time barred in Arizona,[1] recording them was hardly "groundless."  Menken concedes that nothing about the Nevada judgments "on [their] face [was] forged, misstated, or

---

[***] The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[1] The district court determined Tomerlin's recording was timely under Arizona law as it existed in 2003, *see Day v. Wiswall*, 464 P.2d 626, 633 (Ariz. Ct. App. 1970), but untimely under current Arizona law pursuant to *Grynberg v. Shaffer*, 165 P.3d 234, 236–38 (Ariz. Ct. App. 2007).  It understood *Day* to toll the statutory period until the termination of an appeal and *Grynberg* to look at when a judgment was enforceable in the foreign state to determine the date when the Arizona statutory period began.  Though *Day*'s language was imprecise, the Arizona Court of Appeals seemed to look to California law, determining when Arizona's statutory period began to run based on the California rule because the foreign judgment was from California. *See Day*, 464 P.2d at 633 ("In an action on a foreign judgment its validity and finality are to be tested by the law of the jurisdiction where such judgment was rendered."); *see also Jones v. Roach*, 575 P.2d 345, 348–49 (Ariz. Ct. App. 1977).  However, we need not decide this question because of—as we explain—the imprecision in *Day*'s language.

2

false." Nor has he established a triable issue that Tomerlin knew or had reason to know the lien was groundless. A lien is "groundless" for an award of damages to a property owner when "the underlying action affecting title to the property has no arguable basis." *See Mining Inv. Group, LLC v. Roberts*, 177 P.3d 1207, 1212–13 (Ariz. Ct. App. 2008). Therefore, a lien, even if eventually found improper, is not groundless if the reviewing court finds "'some' arguable basis to [the] claim." *Id.* at 1213; *see also Evergreen West, Inc. v. Boyd*, 810 P.2d 612, 619 (Ariz. Ct. App. 1991) ("[A] plaintiff is not prohibited from recording a lis pendens merely because he may lose on the merits of his action, and it is this which must be kept in mind when construing the meaning of the term 'groundless' as used in § 33–420.").

Applying this standard, we reject Menken's claim that he has raised a factual dispute by alleging the lien was groundless. Whether *Day v. Wiswall*, 464 P.2d 626, 633 (Ariz. Ct. App. 1970), created a standard that looked to the foreign state's finality rule, or instead created a rule that the statutory period always runs from the end of the appellate process, was at least debatable before *Grynberg v. Shaffer*, 165 P.3d 234, 236–38 (Ariz. Ct. App. 2007), because of *Day*'s imprecise language. Therefore, we conclude that Tomerlin's recording of the lien before the clarity *Grynberg* provided was not "groundless." *See Mining Inv. Group, LLC*, 177 P.3d at 1212–13.

**AFFIRMED.**